# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| TONY RANDALL WOODS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 3:17-cv-01103-ACA-JHE |
| ) | |
| WARDEN DERICK CARTER, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

On June 29, 2018, the magistrate judge entered a report and recommendation, ("R&R"), recommending that the petition for writ of habeas corpus be dismissed with prejudice as time-barred. (Doc. 12). Petitioner Tony Randall Woods ("Woods") has timely objected to the R&R. (Doc. 15). The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Woods does not contest that his petition was not filed within the one-year statute of limitations established by 28 U.S.C. § 2244(d)(2). Instead, the thrust of his objection is that his attorney effectively abandoned him in filing his Rule 32 petition after the habeas limitations period expired, so he ought to be entitled to equitable tolling of the limitations period. (*See* doc. 15). Woods contends the magistrate judge "mentioned, but failed to rule on counsel's abandonment." (*Id.* at 3).

As the magistrate judge stated, equitable tolling is an extraordinary remedy which "is typically applied sparingly." *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006).

To be eligible for equitable tolling, a petitioner must demonstrate *both* that (1) he has been diligent in his efforts to timely file a habeas petition *and* (2) extraordinary and unavoidable circumstances beyond the petitioner's control prevented him from filing a timely petition. *Id.* Abandonment by an attorney can establish extraordinary circumstances, but "'a garden variety claim' of attorney negligence" does not warrant equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 651 (2010).

The magistrate judge correctly determined that Woods has not demonstrated his diligence or extraordinary circumstances. Woods filed his Rule 32 petition after the one-year habeas limitations period expired, which means that the habeas limitations period was not statutorily tolled during the Rule 32 petition's pendency. Woods states that this was because his retained counsel abandoned him by failing to timely file the Rule 32 petition. Woods indicates that he sent several letters to his counsel inquiring about the status of the Rule 32 petition, and his counsel assured him that "all had been taken care of and that there was no need to worry." (Doc. 10 at 2). However, as the magistrate judge found, Woods did not include any specific information in his petition or traverse to inform the court when he wrote those letters. (Doc. 12 at 4). Because Woods bears the burden to establish the elements necessary for equitable tolling, *Holland*, 560 U.S. at 655, it follows that he must establish that his attorney's conduct was more than simply negligent, but actually constituted abandonment. Woods has stated only that he made inquiries to his counsel, which could have occurred at any point during the ten months that elapsed between Woods hiring counsel and the expiration of the habeas limitations

period. Because Woods's petition does not contain facts to support abandonment by his attorney, the magistrate judge did not err in concluding Woods had not established extraordinary circumstances justifying equitable tolling.

Additionally, as the magistrate judge noted, Woods has fallen short in showing the diligence necessary for equitable tolling. Beyond sending letters to his counsel, Woods does not allege he did anything to determine that his Rule 32 petition was timely filed such that it would toll the habeas limitations period. Nor does Woods explain in his petition or traverse why he waited eight months after the certificate of judgment issued on his Rule 32 petition to file this habeas petition. Woods should have known at the time the certificate of judgment issued that the limitations period had either expired or was about to expire, and he does not detail any steps he took to ensure that his habeas petition was timely (or at least less untimely) filed. Regardless of whether Woods's Rule 32 counsel's conduct creates the extraordinary circumstances to support equitable tolling, Woods's failure to account for his actions during this eight-month period forecloses a finding that he was diligent in pursuing his rights. Because he has does not address this at all in his objections, Woods has failed to show that the magistrate erred in determining Woods is ineligible for equitable tolling due to his lack of demonstrated diligence.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be DISMISSED WITH PREJUDICE. A separate Order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

**DONE** and **ORDERED** this August 27, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE